1
2
3
4
5
6
7
8                       IN THE UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10  DANNY P. ALLEN,
11              Plaintiff,                 No. CIV S-07-2273 GEB EFB P
12        vs.
13  JAMES E. TILTON,
14              Defendant.                 ORDER
15  _____/
16        Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42
17  U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  This proceeding was referred to
18  this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).
19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).
20        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee.  *See* 28 U.S.C.
21  § 1914(a).  An initial partial payment of $20.66 is assessed pursuant to section 1915(b)(1).
22  Plaintiff must make monthly payments of 20 percent of the preceding month's income credited
23  to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall
24  forward payments from plaintiff's account to the Clerk of the Court each time the amount in the
25  account exceeds $10 until the filing fee is paid.
26  ////

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. Plaintiff names James E. Tilton, Secretary of the California Department of Corrections and Rehabilitation, as defendant in this action. Plaintiff does not state specific charging allegations against this defendant.

A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). The allegations of the complaint, if assumed true, make no such showing here.

To proceed, plaintiff must file an amended complaint. Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

1      Plaintiff's claims must be set forth in short and plain terms, simply, concisely and
2  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
3  point of a simplified pleading system, which was adopted to focus litigation on the merits of a
4  claim."); Fed. R. Civ. P. 8.
5      Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument,
6  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible
7  defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)
8  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El
9  v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of
10 Civil Procedure is fully warranted" in prisoner cases).
11     A district court must construe pro se pleading "liberally" to determine if it states a claim
12 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
13 opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,
14 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on
15 the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell
16 Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).
17     The court (and defendant) should be able to read and understand plaintiff's pleading
18 within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many
19 defendants with unexplained, tenuous or implausible connection to the alleged constitutional
20 injury or joining a series of unrelated claims against many defendants very likely will result in
21 delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action
22 pursuant to Fed. R. Civ. P. 41 for violation of these instructions.
23     An amended complaint must be complete in itself without reference to any prior
24 pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff
25 files an amended complaint, the original pleading is superseded.
26 /////

1    Plaintiff is admonished that by signing an amended complaint he certifies he has made
2 reasonable inquiry and has evidentiary support for his allegations and that for violation of this
3 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.
4 Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may
5 be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Admin.
6 Code tit. 15, § 3005.
7    A prisoner may bring no § 1983 action until he has exhausted such administrative
8 remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*
9 *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an
10 amended complaint he certifies his claims are warranted by existing law, including the law that
11 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
12 his action.
13    Accordingly, IT IS HEREBY ORDERED that:
14    1.  Plaintiff's request to proceed *in forma pauperis* is granted.
15    2.  Plaintiff shall pay the statutory filing fee of $350 and shall make an initial payment of
16 $20.66.   All payments shall be collected in accordance with the notice to the Director of the
17 California Department of Corrections and Rehabilitation filed concurrently herewith.
18    3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an
19 original and one copy of the amended complaint, which must bear the docket number assigned to
20 this case and be titled "First Amended Complaint."  Failure to file an amended complaint will
21 result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files
22 an amended complaint stating a cognizable claim the court will proceed with service of process
23 by the United States Marshal.
24 Dated:  December 3, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE