UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY P. ALLEN, | ) NO. CV 09-1420-RSWL (MAN) |
| Plaintiff, | ) MEMORANDUM AND ORDER DISMISSING |
| v. | ) FIRST AMENDED COMPLAINT WITH LEAVE |
| | ) TO AMEND |
| JAMES E. TILTON, et al., | ) |
| Defendants. | ) |

On October 23, 2007, plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, in the United States District Court for the Eastern District of California. On December 28, 2007, plaintiff filed a First Amended Complaint. On March 2, 2009, the case was transferred to and received in this judicial district.

Congress has mandated that courts perform an initial screening of prisoner civil rights actions. This Court may dismiss a prisoner civil rights action before service of process if it concludes that the complaint is frivolous, fails to state a claim, or seeks relief against

a defendant who is immune from suit.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

In screening a *pro se* complaint, the Court must construe it liberally and must afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  Leave to amend should be granted if it appears that the plaintiff can correct the defects of his complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also* Karim-Panahi, 839 F. 2d at 623 (*pro se* litigant must be given leave to amend complaint unless it is absolutely clear that its deficiencies cannot be cured by amendment); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(same).

**ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

Plaintiff is incarcerated at the California Men's Colony at San Luis Obispo ("CMC").  (First Amended Complaint at 1.)  Defendants are: Lou Moskowitz, the Jewish Chaplain at CMC; and James E. Tilton, the former Secretary of the California Department of Corrections and Rehabilitation ("CDCR").[1]  (*Id.* at 2.)

Plaintiff is a Muslim.  (First Amended Complaint at 2.)  Chaplain Moskowitz is in charge of the religious diet program at CMC.  (*Id.*)  In September 2007, plaintiff requested that Chaplain Moskowitz ensure that

---

[1] Defendant Tilton was CDCR Secretary at the time plaintiff commenced this action.  However, Tolton no longer holds that position, and thus, plaintiff cannot obtain injunctive relief against him.  The current CDCR Secretary is Matthew Cate.

2

plaintiff and other Muslim inmates would receive three halal meals a day.[2]  (*Id.*)  Chaplain Moskowitz told plaintiff that it would be too expensive, and "Muslim inmates can get a veg[e]tarian diet or just eat what other inmates have to eat."  (*Id.*)  Plaintiff protested that Jewish inmates receive kosher meals.  (*Id.*)

Plaintiff then attempted to join other Muslim inmates in a systemwide administrative appeal regarding this issue, but the administrative appeal was "met with the same prejudicial standards." (First Amended Complaint at 2.)  He alleges that defendant Tilton had an opportunity to "stop the prejudicial standard" applied by his subordinates, but did not do so.  (*Id.*)

Plaintiff asserts two claims: (1) a First Amendment free exercise of religion claim; and (2) a due process claim.[3]  He seeks damages and injunctive relief providing him with three halal meals a day "until compliance is consistently applied for all Muslim inmates."  (First Amended Complaint at 2.)

---

[2]  According to the Ninth Circuit, "Halal meat is ritually slaughtered and prepared according to Islamic specifications. Muslims are instructed to eat meat only if it is Halal."  Shakur v. Schriro, 514 F.3d 878, 882 n.2 (9th Cir. 2008)

[3]  Plaintiff twice refers to the Religious Freedom Restoration Act ("RFRA"), but he does not assert a claim under that or any other statute.  In any event, RFRA was long ago held unconstitutional as applied to the states.  City of Boerne v. Flores, 521 U.S. 507, 117 S. Ct. 2157 (1997).

**DISCUSSION**

**I.   PLAINTIFF'S FIRST AMENDMENT CLAIM WITHSTANDS SCREENING.**

At this early stage of the action, the Court finds that Claim One, which asserts a claim for violation of plaintiff's First Amendment right to the free exercise of religion, withstands screening.  *See* Shakur, 514 F.3d at 883-88.

**II.   PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM.**

In Claim Two, plaintiff contends that defendants' denial of his request for a halal diet violated his fundamental rights under the Due Process Clause of the Fourteenth Amendment.  (First Amendment Complaint at 3-4.)

The Court construes Claim Two as asserting a substantive due process claim.  "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular source of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."  Albright v. Oliver, 510 U.S. 266, 273, 114 S. Ct. 807, 813 (1994)(*quoting* Graham v. Connor, 40 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989)).  Because an inmate's right to free exercise of his religion is protected by the First Amendment, plaintiff's claim cannot properly be analyzed as a more generalized substantive due process claim under the Fourteenth Amendment.  Rather, plaintiff's due process claim is subsumed within, and duplicative of, his First Amendment claim.

4

1    To the extent plaintiff may be attempting to assert a due process claim based on the denial of his grievance, his claim is similarly deficient.  A prisoner cannot state a due process claim based on the handling of his grievances.  *See* Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)("inmates lack a separate constitutional entitlement to a specific prison grievance procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure").

Accordingly, plaintiff fails to state a due process claim under any theory.  Claim Two, therefore, must be dismissed.

**CONCLUSION**

For the foregoing reasons, the First Complaint is dismissed with leave to amend.  If plaintiff wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Second Amended Complaint that attempts to cure the defects in the Complaint described herein.  The Second Amended Complaint, if any, shall be complete in and of itself.  It shall not refer in any manner to the First Amended Complaint or the original Complaint.  **Plaintiff may not add new claims or new defendants without obtaining prior leave of court.  Fed. R. Civ. P. 15(a)**

///
///
///
///
///

1 **Plaintiff is explicitly cautioned that failure to timely file a**
2 **Second Amended Complaint, or failure to correct the deficiencies**
3 **described herein, may result in a recommendation that this action be**
4 **dismissed pursuant to Fed. R. Civ. P. 41(b).**
5 DATED: April 2, 2009

7                                              /s/
                                     MARGARET A. NAGLE
8                        UNITED STATES MAGISTRATE JUDGE